IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MALBCO HOLDINGS, LLC, individually and as
assignee of Centennial Inn-Vestments, LLC,

        Plaintiff,

   v.

AMCO INSURANCE COMPANY, a foreign
insurance corporation,

        Defendant.

CV-08-585-ST

ORDER ON OBJECTIONS TO
DEPOSITION TESTIMONY OF
RAY LATHAM

STEWART, Magistrate Judge:

The court rules on defendant's objections to the deposition testimony of Ray Latham as follows:

P. 8, ll. 11-23:  Relevance as to deposition preparation years after Mr. Latham's involvement with the claim.

*Plaintiff's Response*:  Standard foundation questions for testimony.  Shows witnesses

1 - ORDER ON OBJECTIONS TO DEPOSITION TESTIMONY OF RAY LATHAM

preparation for testimony; is witness testifying from memory concerning events from 2004 or from review of his file notes?

**Ruling:  Overruled.**

P. 47, l. 21 to p. 48. l.1:  Relevance relating to identification of entire Passport log.  The court has already excluded this document, Exh. 132.

*Plaintiff's Response*:  Not seeking to admit Ex. 132.  Using cited testimony to identify what "passport" is, since subsequent testimony references "passport."  Shows "passport" is where Mr. Latham made his file notes.  Without this reference, jury will not know what passport is.

**Ruling:  Overruled.**

P. 48, l. 19 to p. 49, l.3:  Relevance relating to identification of entire Passport log. The court has already excluded this document, Exh. 132.

*Plaintiff's Response*:  Not seeking to admit Ex. 132.  Using cited testimony to identify what "passport" is, since subsequent testimony references "passport."  Just shows "passport" is where Mr. Latham made his file notes.  Without this reference, jury will not know what it is.

**Ruling:  Overruled.**

P. 54, ll. 3-14:  Relevance. The court has ruled that claims procedures are irrelevant.

*Plaintiff's Response*:  Relevance is the date when water damage claim was first made by

prior owner (February 12, 2004).

**Ruling:  Overruled.**

P. 56, ll. 12-16:  Relevance. The court has ruled that claims procedures are irrelevant. Moreover, since the entire claim file (AWD) is not in the record, the absence of a document in the claim file is not at issue.  Finally, since Mr. Latham testified he did not send the K-Net report to the insured, there is no reason to rely on the absence of a letter.

*Plaintiff's Response*:  Testimony cited only to define "AWD," which is AMCO's document storage system.  Subsequent testimony references "AWD."  Without this reference, jury will not know what AWD is.

**Ruling:  Overruled.**

P. 58, ll. 1-8:  The court has ruled that claims procedures are irrelevant.  Moreover, since the entire Passport log is not in the record, the absence of an entry in the Passport log is not at issue.  Finally, Mr. Latham testified that he visited the hotel only the one time, so there is no need to rely on the absence of an entry.

*Plaintiff's Response*:  Confirms all of Mr. Latham's personal observations and communications with prior owner concerning water damage would be in his file notes. Relevant to AMCO's "notice" defense.

**Ruling:  Overruled**

3 - ORDER ON OBJECTIONS TO DEPOSITION TESTIMONY OF RAY LATHAM

P. 59, ll. 3-8 and ll. 13-16: Relevance as to deposition preparation years after Mr. Latham's involvement with the claim. Furthermore, since the entire Passport log is not in the record, and Mr. Latham has not challenged the accuracy of the log notes, the accuracy of all log notes is not in issue.

*Plaitniff's Response*: AMCO claims Mr. Latham has not challenged the accuracy of the log notes, but how will the jury know unless this testimony is admitted? Relevant that cited portions of his log notes are not disputed by him.

**Ruling: Overruled.**

P. 59, l. 22 to p. 60, l. 1: Relevance. Since the entire Passport log is not in the record, the absence of an entry in the Passport log is not at issue.

*Plaintiff's Response*: AMCO claims Mr. Latham has not challenged the accuracy of the log notes, but how will the jury know unless this testimony is admitted? Relevant that cited portions of his log notes are not disputed by him.

**Ruling: Overruled.**

P. 74, l. 17 to p. 75, l. 6; p. 75 ll. 11-17; p. 76 ll. 7-10: Relevance. The court has already ruled that claims handling is irrelevant, and this should include Mr. Latham's thought processes and reasons for taking actions.

*Plaintiff's Response*: Mr. Latham is a fact witness as to the water damage he observed in February 2004 and this testimony is relevant to address AMCO's "notice" defense.

4 - ORDER ON OBJECTIONS TO DEPOSITION TESTIMONY OF RAY LATHAM

Mr. Latham did not see anything that caused him a structural safety concern. "I did not give it any thought at that time." (p. 76, l. 10). He saw mold and hired Wise Steps and hired K-Net to determine the cause of the water leak. The reasons Mr. Latham hired these professionals shows the nature and extent of the damage that he saw at the time as a fact witness. It is not an attempt to get at claims handling, a phrase AMCO now repeats in a mantra-like fashion.

**Ruling: Overruled.**

P. 93, l. 25 to p. 94, l. 18: Relevance. The court has already ruled that claims handling, including the reason the report was not sent to the insured, is not relevant. Mr. Latham's thought process is not relevant. Plaintiff is trying to insert bad faith back into the case.

*Plaintiff's Response*: This shows, as does subsequent Latham testimony, that Mr. Latham did not view the K-Net report as containing factual information suggesting structural safety was an issue.

**Ruling: Sustained.**

P. 96, l. 19 to p. 97, l.3: The court has already ruled that claims handling, including the reason the report was not sent to the insured, is not relevant. Mr. Latham's thought process is not relevant. Plaintiff is trying to insert bad faith back into the case.

*Plaintiff's Response*: See previous response. Mr. Latham, as a fact witness and based on the K-Net report, did not believe the hotel "posed any sort of safety or structural hazards" at the time. Page 97 ll 4-7. This will be helpful to the jury in its determination

5 - ORDER ON OBJECTIONS TO DEPOSITION TESTIMONY OF RAY LATHAM

of the scope, nature and extent of the 2004 water damage and AMCO's "notice" defense.

**Ruling: Sustained. To complete the answer on p. 97, lines 4-7, add lines 16-20.**

**[Note that the sustained objection doed not include p. 97, lines 4-7]**

P. 98, l. 20 to p. 99 l. 4:  Best evidence rule.  The report is in the record; Mr. Latham's summary of it is not relevant.

*Plaintiff's Response*:  Shows AMCO knew the "proximate cause" of water damage was "in fact the leaking faucet in room 300."  This is inconsistent with the claim denial letter to prior owner, that also suggests some damage may have been caused by a leaking window.  AMCO may argue the prior owner was on "notice" of leaking windows.  Malbco should be allowed to assess AMCO's credibility on this issue.  All relevant to AMCO's "notice" defense.

**Ruling:  Sustained.**

2/20/04 log entry:  Plaintiff has submitted only part of this log entry, which describes the adjuster's conversation with the hotel manager.  If the entry is admitted, defendant requests that the entire entry with the entire conversation be admitted.  The complete log entry is attached.

*Plaintiff's Response*:  No objection.

**Ruling:  2/20/04 log entry is not admitted into evidence simply because a question refers to it on p. 6.**

6 - ORDER ON OBJECTIONS TO DEPOSITION TESTIMONY OF RAY LATHAM

3/23/04 log entry: Best evidence rule. The report is in the record; Mr. Latham's summary of it is not relevant. Also, relevance and undue prejudice as to last two lines; they deal with Mr. Latham's intentions regarding handling of the claim prior to the denial decision.

*Plaintiff's Response*: See response above. Statement in log regarding cause of water damage in 300, 200 and bike room contradicts subsequent claim denial letter.

**Ruling: Sustained.**

In addition, if plaintiff reads p. 71, l. 19 to p. 72 l. 1 into the record, defendant requests that the following additional portion of the deposition also be read: P. 72, l. 20 to p. 73, l. 9. If plaintiff reads p. 76, ll. 7-10, defendant requests that the following additional portion of the deposition also be read: P. 75, l. 25 to p. 76 l.4.

*Plaintiff's Response*: No objection.

**Ruling: Add p. 72, ll. 20-23; p. 73, ll. 1-9; p. 75, ll. 24-25; p. 76, ll.1-4.**

DATED this 24th day of September, 2009.

                                             s/ Janice M. Stewart_____
                                             Janice M. Stewart
                                             United States Magistrate Judge