IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MALBCO HOLDINGS, LLC, individually and as
assignee of Centennial Inn-Vestments, LLC,

                Plaintiff,

    v.

AMCO INSURANCE COMPANY, a foreign
insurance corporation,

                Defendant.

CV-08-585-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

      By Order dated June 22, 2010 (docket #419), this court granted Malbco's Motion to Establish Reasonable Attorneys' Fees and Costs in the sum of $368,378.85 and costs in the sum of $200.00 for the filing fee, with leave to renew to its request for costs to include statutory witness fees, copying charges, and allowable deposition costs in compliance with this court's Order. Accordingly, Malbco filed a Renewed Motion for Costs (docket #422) to which AMCO

1 - OPINION AND ORDER ON RENEWED MOTION FOR COSTS

filed an objection (docket #424).  For the reasons set forth below, costs are taxed in favor of Malbco in the sum of $7,036.22 (including the previously allowed filing fee of $200.00)

## ANALYSIS

**I.**     **Copying Costs**

Malbco initially sought to recover copying costs of $2,507.59.  Under 28 USC § 1920(4), costs may be recovered for "copies of papers necessarily obtained for use in the case."  Copying costs for documents produced in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable.  *See Lee v. Walters*, 2002 WL 31972186, *1 (D Or, Dec 23, 2002), citing *Fressell v. AT&T Technologies, Inc.*, 103 FRD 111, 115-116 (ND Ga 1984); *Erving Paper Mills v. Hudson-Sharp Mach. Co.*, 271 F Supp 1017, 1023 (ED Wis 1967).  Extra copies made for the convenience of counsel are not compensable.  *Welch v. Frederickson*, 2008 WL 5082124 (D Or 2008).  This includes extra copies of filed papers, correspondence, and copies of cases.  *Frederick v. City of Portland*, 162 FRD 139, 144 (D Or 1995).

Because Malbco's description of the copying charges was insufficient to enable this court to determine their purpose, its request was denied with leave to renew.  Malbco now renews its request with explanations for three separate copying charges.

First, Malbco requests reimbursement for $820.90 paid to The Litigation Document Group of Spokane for its one-third portion of the total invoice for discovery documents which it produced to AMCO and Wausau.  Malbco paid this amount pursuant to the parties' agreement to have all documents scanned and bates numbered.  However, Malbco's payment was made to obtain extra copies for the convenience of its counsel and to scan and bates number documents.  Therefore, it is not a recoverable copying cost.

2 - OPINION AND ORDER ON RENEWED MOTION FOR COSTS

The second request is to recover $142.68 paid to Tech Lit Solutions to copy the documents produced by Wells Fargo. As far as this court can ascertain, the parties obtained documents from Wells Fargo because Malbco offered the testimony of William Dineen, the insurance broker for Wells Fargo, to support its attempt to apply Washington law. As this court previously determined, Mr. Dineen did not testify at trial, and his testimony was not necessary to the result obtained by Malbco. Thus, the documents from Wells Fargo were not necessary to the result obtained by Malbco, and the copying cost to obtain them is not recoverable from AMCO.

The third request is to recover $1,528.11 charged by Teris to copy documents produced to Malbco by AMCO. This cost is recoverable.

## II.     Transcript Costs

Malbco originally requested $14,065.10 for transcript costs. While 28 USC § 1920(2) allows recovery of court reporter fees for stenographic transcripts, such transcripts must be "necessarily obtained for use in the case." The cost of taking depositions and obtaining deposition copies is properly taxed if introduced into evidence or used at trial for impeachment or cross-examination. *Indep. Iron Works, Inc. v. U. S. Steel Corp.*, 322 F2d 656, 678 (9th Cir), *cert denied*, 375 US 922 (1963). The cost of a deposition not used at trial may be taxed if taking the deposition was reasonable as part of the pretrial preparation of the case, rather than for the convenience of counsel, or if the deposition was required for a dispositive motion. *Id* at 678-79; *see also Principe v. McDonald's Corp.*, 95 FRD 34, 37 (ED Va 1982). In other words, to be taxable, depositions must not be merely for discovery. *See Murphy v. Amoco Prod. Co*., 558 F Supp 591, 594 (D ND 1983), *aff'd,* 729 F2d 522 (8th Cir 1984) ("[c]opies of depositions noticed by the prevailing party . . . are more in the nature of an expense than of a taxable cost").

Accordingly, this court denied costs for the deposition transcripts of five witnesses and three hearing transcripts. Because this court could not easily ascertain the costs of the remaining deposition transcripts, it requested further specificity from Malbco. Malbco now renews its request in the sum of $9,594.46 for the remaining deposition transcripts and the same three hearing transcripts.

AMCO acknowledges that the deposition transcripts for Ray Latham ($690.30), Mark Anderson ($492.90 + $1,066.65) and William Partin ($548.10) were necessarily obtained for use in the case and are recoverable. For the rest, Malbco submits only the conclusory statement of its counsel that they were "used for my preparation of the case." He does not indicate how he used them or why they were needed apart from discovery or his convenience.

As AMCO notes, many of these remaining depositions were of Malbco's own employees, professional consultants, or experts called by Malbco as witnesses as part of its case-in-chief. Malbco does not state, and this court does not recall, if all of the deposition transcripts were used at trial for impeachment or cross-examination. Some were certainly used for that purpose. But even if a witness was not questioned about his or her prior deposition testimony, it was nonetheless reasonable for Malbco to obtain the deposition transcripts as part of trial preparation. "[The possibility that the deposition would be used to impeach the party created a reasonable necessity for his purchase of a copy in order to hold the impeachment within proper limits." *Indep. Iron Works, Inc.*, 322 F2d at 679. Thus, the cost for copies of deposition transcripts for witnesses who testified at trial are recoverable, namely Daniel Walker ($500.35 less 15% = $425.30), Clay Vance ($308.60 less 15% = $262.31), James Mulloy ($428.00), Galen Ohmart ($203.00), Greg Smith ($97.50), Roger McGarrigle ($335.40), and Andrew MacGillivray

4 - OPINION AND ORDER ON RENEWED MOTION FOR COSTS

($186.00). The remaining deposition transcripts are for persons who were not called as witnesses at trial (James Kemble, Peter Fowler, Jon Pietz, Lee Engen, and Bryce Given) and are not recoverable.

This court previously disallowed the cost of transcripts for three hearings on pre-trial motions because it could not determine whether they were necessarily obtained for use in this case or merely for the convenience of Malbco and its counsel. Malbco now submits that it ordered the transcripts "for use on specific aspects of the case," but declines to reveal the exact reasons which "would potentially reveal privileged information." If the reason for obtaining the transcript is privileged, then it must be for the convenience of Malbco and its counsel. Absent further explanation, this conclusory reason is not sufficient to carry Malbco's burden.

Malbco notes that it used one transcript of the May 6, 2009 hearing in response to AMCO's Motion in Limine to show that the court had already ruled on the pertinent issue. That hearing concerned the ability of Robert Johnson to offer an opinion at trial. Malbco argued that AMCO had unsuccessfully twice raised this issue before, citing at length from the May 6, 2009 telephone hearing on AMCO's Motion for Reconsideration or Relief Re Plaintiff's Rebuttal Expert. Since that transcript contained argument and information beyond the rulings made by the court in its minutes (docket #273), it was useful in the case. Therefore, the cost of this hearing transcript ($332.65) is recoverable.

### III.    Witness Fees

Malbco previously sought seeks to recover $7,093.88 for witness fees, the majority of which was charged by expert witnesses in order to take their depositions. That request was denied with leave to renew to request statutory witness fees only. Malbo now renews its request

5 - OPINION AND ORDER ON RENEWED MOTION FOR COSTS

for witness fees in the amount of $240.00, based on the $40.00 statutory witness fee for each of six depositions taken of AMCO's expert witnesses. That cost is recoverable.

**IV.    Summary**

The costs which are properly taxable are:

| | |
|---|---|
| Filing fee | $ 200.00 |
| Copy costs | 1,528.11 |
| Deposition transcripts | 4,735.46 |
| Hearing transcript | 332.65 |
| Witness fees | 240.00 |
| TOTAL: | $7,036.22 |

## ORDER

For the reasons set forth above, Malbco's Renewed Motion for Costs (docket # 422) is GRANTED in the sum of $7,036.22 (including the $200.00 filing fee previously awarded) and costs are taxed in that amount.

DATED this 29th day of July, 2010.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge